*TORREGANO* vs. *SEGURA'S SYNDIC.*

The endorser     APPEAL from the court of the first district.
of a note (given
for the purchase
of slave, by the  MARTIN, J. delivered the opinion of the
maker) is by
court.   The plaintiff states that he is the en-

dorser of two promissory notes, given by the insolvent, to secure the price of two negroes; that before their maturity, the vendee surrendered all his property to his creditors; that the property, which in his schedulle, he acknowleges to possess, consists of a few negroes only, the value of whom is not equal to the seventh part of the debts he acknowledges, and they, the said negroes, are all of them under the vendor's lien, none of them being paid for; that he apprehends, that before the appointment of a syndic, the insolvent may remove the two slaves, for the payment of whom, the plaintiff endorsed the insolvent's notes;the petition concludes with a prayer for a sequestration and further relief.

East'nDistrict.
*Feb.* 1824.

TORREGANO
*vs.*
SEGURA's SYN-
DIC.

the payment, subrogated to the vendor's rights and may demand the rescission of the sale.

The slaves having accordingly been sequestered, and the plaintiff in the mean while paid one of the notes, he flled a supplemental petition, stating that he was thereby subrogated to the rights of the vendor, who had transferred all such rights to him; prayed that the sale of the slave, the price of whom had been paid by the plaintiff, as endorser of the note given therefor, might be rescinded, that he might be declared to be the true owner of him, and that he might be ordered to be surrendered to the

East'nDistrict.
*Feb.*1824.

TORREGANO
*vs.*
SEGURA's SYN-
DIC.

plaintiff, on his giving bond to produce him, whenever the court might order it. The court so ordered it, and it was accordingly done.

The plaintiff having, afterwards paid the second note, filed an other supplemental petition relating to the other negro, for the price of whom, the said note was given, and the like proceedings were had.

The syndic, who was made a party, filed his answer, averring the plaintiff had no right, at the inception of the suit, as he had then paid neither of the notes; that, on the failure, which had then already taken place, the slaves had been surrendered to the insolvent's creditors, and thereby they acquired the right to have them sold by their syndic, and the price distributed among them, according to law; the answer concluded with a prayer that they might be ordered to be delivered to him for this purpose.

There was judgment for the defendant, and the plaintiff appealed

It is urged that, although the plaintiff, as endorser, was bound *in solido*, with the vendee, he is nevertheless a third party, as regards the contract, and does not become subrogated to the rights of the vendor, unless this be express-

East'n District.
Feb. 1824.

TORREGANO
vs.
SEGURA'S SYN-
DIC.

ed, as a notarial act, at the time of the pay-ment. *Civil Code*, 288, *art.* 150. Farther, that without this formal subrogation, the plain-tiff could not have *apparajada* execution, because there would be no transfer of the judg-ment, which the act of mortgage imports;— neither can he bring the action of rescission, because he is not a party to the sale, and were it rescinded, the title would rest to the vendor, so that the plaintiff would have no benefit thereby.

The article of the code relied on, relates on-ly to the *conventional* subrogation. The next, (151) speaks of the *legal.*

There we find that this subrogation takes place for the benefit of him, who being bound with others, or for others, for the payment of the debt has an interest to discharge it.

Here the plaintiff was bound *for* the insol-vent, and had therefore an interest in discharg-ing it, lest he might be sued and interest might accumulate,

The subrogation is of the *right* of the credit-or, not against the debtor only, but also a-gainst the securities, *Civil Code*, 188, *art* 149 *and* 152; and, like a transfer of the debt, it in-cludes every thing which is accessary thereto,

VOL. II. (N. S.)        21

East'n District.
    Feb. 1824.

TORREGANO
    vs.
SEGURA'S SYN-
    DIC.
as securityship, privileges and mortgages; *Ib.* 368, *art.* 124.

The rescission of the sale, is a mean of securing the payment, which the vendor, the creditor of the price, has; this right is an accessary of the claim, and would pass by the sale or transfer of it. The subrogation has, in our opinion, the same effect.

The insolvent's creditors, by the cession received the right to the slaves *cum onere.*

The plaintiff, being legally subrogated to the vendor, may exercise, for his own benefit, the action of rescission, in the same manner as the vendor might for he acquired, by the subrogation, all the rights of the latter. This cannot work injury to any one; none to the creditor, who preferred the payment of the price, to the rescission of the sale; none to the vendee, for the exercise of this right is of the *nature* of the contract of sale; none to the creditors of the insolvent; for it is immaterial to them whether the vendor, or his transferee, conventionally or legally, exercise the right of rescinding the sale.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be

be annulled, avoided, and reversed, and that the sale be rescinded, avoided and annulled, for the benefit of the plaintiff, and that he recover costs in both courts.

East'n District.
Feb. 1824.

TORREGANO
vs.
SEGURA'S SYN-
DIC.

*Morel* for the plaintiff, *Seghers* for the defendant.